NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HONE,<br><br>    *Plaintiff*,<br><br>v.<br><br>SELF CARE WORLD WIDE LLC, et al.,<br><br>    *Defendants*. | Civil Action No. 21-5132<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Richard Hone seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 1.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply

the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In his Complaint, Plaintiff asserts claims against World Wide Self Care LLC, Rosario I. Dawson, Isabel Dawson, Tom Vella, Dominick Riccobono, and Jack Riccobono. D.E. 1 at 2. Plaintiff's claims, however, are unclear. Plaintiff states that Defendants damaged his reputation

and conspired to unjustly enrich themselves. D.E. 1 at 4. Plaintiff also pleads that Defendants formed a new company days after Defendant Dawson agreed to settle, which prevented Plaintiff from settling or being compensated. Plaintiff seems to allege that this amounts to tortious interference. *Id.* Finally, Plaintiff makes reference to a white paper that he, and presumably Defendants, wrote and that Plaintiff's ownership of the paper would have been worth millions of dollars. *Id.*

Plaintiff's allegations against Defendants do not satisfy the standards for pleadings in federal court, even for a *pro se* plaintiff. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that "pro se litigants still must allege sufficient facts in their complaints to support a claim"). Plaintiff provides no substantive allegations in the Complaint to support his claims. For example, Plaintiff does not explain what the settlement was for, who was involved in the settlement, how the new company prevented Plaintiff from settling his unexplained claim, or why the lack of a settlement damaged his reputation. Moreover, Plaintiff does not clearly set forth the grounds on which he brings suit. Plaintiff uses words that could amount to a legal claim like "enrich themselves unjustly" and "tortious interference," but with the limited information Plaintiff provides, Plaintiff's claims are entirely unclear. For example, Plaintiff does not provide sufficient allegations as to what was interfered with much less why the interference was tortious. Therefore, Plaintiff's complaint is dismissed in its entirety.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment

would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. Plaintiff must set forth the basis for his claims and provide plausible factual allegations to support any claim.

If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against any present Defendant, concerning the allegations in the Complaint.

Accordingly, and for good cause shown,

IT IS on this 29th day of March, 2021,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff Richard Hone's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above as to the remaining Defendants. Failure to file an amended complaint within this time will result in the entire case being dismissed with prejudice; and it is further

5

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

_____
John Michael Vazquez, U.S.D.J.