## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**RICHARD HONE,**

       **Plaintiff,**

  v.

**WORLD WIDE SELF CARE, LLC, et al.,**

       **Defendants.**

:
:
:
:
:
:
:
:
:
:
:
:

**Civil Action No. 21-5132 (JMV)**

**OPINION AND ORDER**

      **THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Richard Hone for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e). *See* Dkt. No. 10. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 10] is **DENIED**.

      Plaintiff asserts breach of contract claims against Defendants, alleging Defendants breached promises to: (1) pay Plaintiff for writing a business plan and raising capital for a new company; (2) make Plaintiff a partner of the company with a specified salary; and (3) make Plaintiff a member of the Board of Directors. On March 13, 2021, Plaintiff filed a Complaint and an application to proceed *in forma pauperis* in this action. *See* Dkt. No. 1. Plaintiff's application to proceed *in forma pauperis* was granted on March 29, 2021. *See* Dkt. No. 2. Thereafter, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed Plaintiff's Complaint without prejudice for failing to state a claim on which relief may be granted, while providing Plaintiff with leave to file an amended complaint within thirty days. *See* Dkt. No. 2. Plaintiff filed an Amended Complaint on April 1, 2021. *See* Dkt. No. 4.[1]

---

[1] On June 16, 2021, the Court entered an Order dismissing Plaintiff's Complaint with prejudice because Plaintiff failed to file an amended pleading. *See* Dkt. No. 3. On June 17, 2021, Plaintiff filed a letter explaining that he had filed an amended pleading. *See* Dkt. No. 6. The same day, the Court entered an Order vacating its June 16 dismissal order

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's First Amended Complaint [Dkt. No. 4] was screened by the Court under U.S.C. §

---

because, as explained in the June 17 Order, Plaintiff had submitted an amended pleading, but the document was never filed on the docket. *See* Dkt. No. 7. The Court then issued an opinion and order on July 28, 2021, directing the Clerk of the Court to file the First Amended Complaint [Dkt. No. 4] without prepayment of the filing fee and directing the Clerk to mail to Plaintiff the United States Marshal ("Marshal") 285 Forms ("USM-285 Forms") to be completed by Plaintiff and returned to the Marshal. *See* Dkt. No. 8.

1915(e)(2)(B) and allowed to proceed. Thus, for the purposes of the present motion, the Court will assume that Plaintiff's claims have at least some merit. However, regardless of whether Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture).

The Court now turns to the factors set forth in *Tabron*. Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint and an application to proceed *in forma pauperis*, he has filed the First Amended Complaint pursuant to the opinion and order of the Honorable John Michael Vasquez, U.S.D.J., and he has filed the present Motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is capable of presenting his case. As such, the first *Tabron* factor weighs against the Plaintiff.

As to the second factor, Plaintiff argues that this is a complex case because one defendant is a famous actress with a high net worth and is represented by "a huge law firm." Dkt. No. 10 at p. 3. Plaintiff further asserts he is "unfamiliar with the case laws this claim is based on" and is "in over [his] head here." Dkt. No. 10 at p. 3. Plaintiff has not provided any explanation or support for how the net worth of one defendant speaks to the complexity of the legal issues, and mere unfamiliarity with the case law does not demonstrate the legal issues present in this matter are particularly complicated. Accordingly, the Court finds that the second factor weighs against Plaintiff.

Plaintiff's motion for *pro bono* counsel does not address the third, fourth and fifth factors, except when he claims that he has "limited time to try this case" and "an absolutely solid case, [with] hundreds of email proofs and massive documents already filed." Dkt. No. 10 at p. 3. It is unclear from Plaintiff's motion the degree to which factual investigation will be necessary, although it appears that Plaintiff has already produced discovery before Defendants have filed their responses to the complaint. Given Defendants have not yet been served with the complaint, it is premature to consider expert testimony and the likelihood the case will turn on credibility determinations. Further, Plaintiff's assertion that he does not have time to prosecute this case is contradicted by his October 20, 2021 letter to the Court [Dkt. No. 12] indicating that the "bitter custody case" he was involved in has now concluded. Accordingly, the Court finds that the third, fourth and fifth factors appear to weigh against Plaintiff.

Turning to the sixth factor, Plaintiff asserts he is indigent, was recently incarcerated, and is "100% disabled," all of which support the finding that Plaintiff appears unable to retain his own counsel. Dkt. No. 10 at p. 3. While the final factor may weigh in Plaintiff's favor, this factor alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of the appointment of counsel").

The Court recognizes that issues may arise throughout the course of this litigation which may raise a further question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause

4

shown;

      **IT IS** on this **25th day of October, 2021,**

      **ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [Dkt. No. 10]

is **DENIED WITHOUT PREJUDICE**.


                                      s/ James B. Clark, III
                                   **JAMES B. CLARK, III**
                                   **United States Magistrate Judge**